UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-193 |
| v. | * | SECTION: "E" |
| TORIN JENKINS | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The above-named defendant, **TORIN JENKINS** has agreed to plead guilty to Count 1 of the Indictment in which he is charged with felon in possession of a firearm. Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts, among others, to support the allegations of Count 1 against defendant **TORIN JENKINS ("JENKINS")**:

On or about November 28, 2021, members of the New Orleans Police Department ("NOPD") applied for and obtained a state arrest warrant for Louisiana Revised Statute 14:37.7, Domestic Abuse Aggravated Assault and Louisiana Revised Statute 14:35.3, Domestic Abuse Battery for **JENKINS**. The state arrest warrant was subsequently granted by Magistrate Judge Robert Blackburn, Orleans Parish Criminal District Court.

On Friday, December 3, 2021, at approximately 7:45 PM, while conducting surveillance, SA Vincent Liberto of Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") observed **JENKINS** arrive at 4508 Papania Street, New Orleans, Louisiana. From his vantage point in the parking lot, the front door to Apartment 18 was visible. SA Liberto then observed **JENKINS** enter Apartment 18. Via police radio, SA Liberto informed NOPD officers that **JENKINS** had arrived

AUSA
Defendant
Defense Counsel

and entered the apartment. NOPD officers surrounded the apartment building and observed the windows to Apartment 18. Officers knocked and announced themselves. **JENKINS** came to a window inquiring about why officers were present. Officers explained to **JENKINS** a warrant was issued for his arrest. **JENKINS** initially refused to exit the residence, and he turned all the interior lights of the residence off. While **JENKINS** was inside the residence, one of the NOPD officers was covering the rear of the structure. That officer observed **JENKINS** throw an object out of the rear window of Apartment 18. That object landed in the rear alley way, which at the time, was flooded with several inches of water. The officer heard a splash beneath the window.

**JENKINS** later exited the apartment and surrendered to officers. **JENKINS** was placed into handcuffs and placed under arrest. **JENKINS** was the only occupant of Apartment 18.

NOPD searched the area directly underneath the rear window of Apartment 18. There, NOPD recovered one Glock Model 36 .45 caliber semiautomatic pistol, bearing serial number BAWL704. The firearm was loaded with seven (7) live rounds with a live round chambered ready to fire. There were no other large objects underneath the rear window to Apartment 18.

On January 29, 2018, **JENKINS** was convicted of possession of heroin, in violation of Louisiana R.S. 40:966.C, in the 24th Judicial District Court, Jefferson Parish, Case Number 16-04966. On that date, **JENKINS** was sentenced to 4 years at hard labor, which was suspended, and 2 years of active probation. In connection with that conviction, defendant signed an "Acknowledgement of Constitutional Rights and Waiver of Rights on a Entry of a Plea of Guilty" form during which he acknowledged that the maximum penalty for possession of heroin was 10 years. Defendant indicated that he understood the charges against him and the possible penalties. **JENKINS**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly and intentionally possessed the aforementioned firearm listed in

AUSA _____
Defendant _____
Defense Counsel _____

Count 1 of the Indictment. Additionally, the firearm is in fact a "firearm," meaning it will or is designed to or may readily be converted to expel a projectile by the action of an explosive as defined in Title 18, United States Code, Section 921(a)(3). Finally, the firearm was examined by an agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, and was determined to have been shipped and transported in interstate commerce prior to being possessed by **JENKINS** on December 3, 2021.

This proffer of evidence is not intended to constitute a complete statement of all facts known by **JENKINS**, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal and factual basis for **JENKINS's** plea of guilty to these crimes.

**READ AND APPROVED:**

_____   11/28/2023
INGA C. PETROVICH           (Date)
Assistant United States Attorney

_____   11-28-2023
VALERIE JUSSELIN            (Date)
Attorney for Defendant

_____   11/28/2023
TORIN JENKINS               (Date)
Defendant

3